UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                  Case No. 08-80083-DHW
                                                       Chapter 7
DAVID A. HINES,

      Debtor.

ANTHONY J. MARCHETTI and
WEST GEORGIA EMERGENCY
MEDICINE, LLC,

      Plaintiffs,
v.                                                     Adv. Proc. No. 08-8021-DHW

DAVID A. HINES,

      Defendant.

ORDER DENYING MOTION TO RECONSIDER

     The debtor David A. Hines filed a motion to reconsider the September 25, 2009 order granting summary judgment in favor of the plaintiffs and denying his discharge under 11 U.S.C. § 727(a)(2)(A). Attached to the motion is an affidavit of the debtor. The debtor asserts that the affidavit establishes genuine issues of material fact relevant to the debtor's intent.

     The motion came on for hearing on October 19, 2009. The court took the matter as submitted based on briefs of the parties to be filed by November 2, 2009. Upon consideration of the motion and briefs of the parties, the court concludes that the motion is due to be denied.

     The motion states that the evidence presented in support of and in opposition to the motion for summary judgment did not adequately reflect

the totality of the circumstances regarding the debtor's intent. The debtor contends that, if given an opportunity to fully present the facts and circumstances surrounding the transfers, the deterioration of his relationship with Marchetti, and his actual state of mind during the applicable time frame, he will exculpate himself from any intention of wrongdoing. He requests that opportunity.

However, the debtor has stated no reason why he was unable to provide such evidence before the hearing on the motion for summary judgment. Indeed, the debtor requested and was granted an extension of time to respond to the motion for summary judgment. In addition, all of the evidence that the debtor now seeks to present was known by him and available to him before the hearing on the motion for summary judgment, which followed a lengthy period of discovery.

"Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued. Denial of a motion for reconsideration is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'" *Lockard v. Equifax, Inc.* 163 F.3d 1259, 1267 (11th Cir. 1998).

The debtor is dissatisfied with the order and, in effect, seeks another "bite at the apple." In the interest of the finality of judgments, the motion is due to be denied. However, the court will nevertheless respond to the debtor's arguments.

The debtor argues that the prepetition transfers were not made with the requisite intent under 11 U.S.C. § 727(a)(2)(A) because Marchetti was not a creditor at the time many of the transfers were made and the debtor honestly believed that Marchetti would not prevail in the state court litigation. However, the debtor knew that Marchetti had filed a state court claim against him and was seeking to pursue that claim to a judgment. If the debtor honestly believed that Marchetti would abuse the legal process to obtain information or assets to which he was not entitled, the debtor could have addressed those concerns in the state court action.

The debtor contends that the decision to convert his PC into an LLC was made in good faith on the advice of an accountant and several attorneys regarding the operational and tax advantages of an LLC. However, the debtor has not asserted that these professionals advised him, by that conversion, to divest in favor of his wife 75% of his ownership in the PC.

With regard to the money that the debtor transferred prepetition to bank accounts belonging solely to his wife, the debtor states that he believed that he accounted for this money by and through income disclosures and did not consider the money "transferred" for purposes of the statement of financial affairs. However, the non-disclosure of these transfers was not the basis for the summary judgment. The summary judgment was predicated solely on 11 U.S.C. § 727(a)(2)(A). Even if the debtor did not understand that these were "transfers" in the legal sense, he understood that these "transfers" would hinder Marchetti in the collection of his claim, and he intended that they have that effect.

The debtor argues that his lack of sophistication should be taken into account. However, the debtor is not unsophisticated. To the contrary, he is a medical doctor that not only practiced medicine but also managed a medical practice. Though the debtor may not have been familiar with the procedural rules and the discovery process in the state court action, he could have requested advice from his counsel to obtain this information.

The debtor contends that the money paid by him and his wife on the Navigator were loans to the PC. However, the debtor has not produced any documents to support this statement, and the documentary evidence before the court reflects that the vehicles were owned by Hines individually. The debtor had multiple opportunities to present all of the evidence on this issue – from his original schedules to the two settings of the § 341 meetings to the amended schedules to his responses to the motion for summary judgment. This argument comes too late.

For the foregoing reasons, the debtor's motion to reconsider the order granting summary judgment and denying his discharge is DENIED.

Done this 30th day of November, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Christopher L. Hawkins, Attorney for Plaintiffs
C. H. Espy, Jr., Attorney for Debtor